United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GAURAV PATHAK, et al.,

    Plaintiffs,

  v.

AVIS RENT A CAR SYSTEM, LLC, et al.,

    Defendants.
_____/

No. C 13-1823 JSW

**ORDER DENYING MOTION TO REMAND**

Now before the Court is Plaintiff's motion to remand based on the grounds that federal law does not preempt Plaintiffs' claims. The Court finds the motion fully briefed, ripe for decision, and suitable for resolution without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court hereby VACATES the hearing set for August 23, 2013. Having considered the parties' papers and the relevant legal authority, the Court DENIES Plaintiff's motion to remand.

**BACKGROUND**

Between April 2008 and January 2012, Defendants Avis Rent a Car System, LLC, et al. ("Defendants") employed Gaurav Pathak, et al. ("Plaintiffs") as car rental sales agents ("RSA") at Avis's rental car facility located at the San Francisco International Airport. (Notice of Removal, Ex. A (Complaint ("Compl."), ¶¶ 13-14).) According to Plaintiffs, Defendants, through its Avis managers, subjected its male employees to ongoing discrimination on the basis of their sex and gender. (*Id*. ¶ 15.) Plaintiffs allege that Defendants engaged in "a pervasive pattern of differential treatment of male employees, all to their detriment, including: failure to

1  provide male employees with legally-mandated rest breaks; denial of bathroom use; selective
2  enforcement of workplace rules against only male employees; and unfavorable job
3  assignments." (*Id.*)

4  Based on these and other allegations, on March 22, 2013, Plaintiffs filed a complaint in
5  San Francisco County Superior Court. (*Id.* at 1.) Plaintiffs asserted nine causes of action, all
6  premised on state law, for : (1) sex discrimination; (2) wrongful termination; (3) failure to
7  prevent discrimination; (4) retaliation; (5) violation of the Equal Protection Clause of the
8  California Constitution; (6) failure to provide rest periods; (7) violations of California's Unfair
9  Competition Law; (8) sex or gender harassment; and (9) injunctive relief. (*Id.* ¶¶ 81-126.)

10  As members of the Freight Checkers, Clerical Employees and Helpers Union Local No.
11  856 ("the Union"), the Union represents and bargains on behalf of Plaintiffs all labor and
12  employment disputes. (Declaration of Monte Hill ("Hill Decl."), ¶ 2.) Plaintiffs and the Union
13  previously entered into a Collective Bargaining Agreement ("CBA"), which Defendant
14  contends govern the terms and conditions of Plaintiff's employment. (Notice of Removal at
15  3:10-17.) On April 22, 2013, Defendants removed the action to this Court, and asserted that
16  this Court has subject matter jurisdiction, because Section 301 of the Labor Management
17  Relations Act ("Section 301") preempts Plaintiff's claims relating to seniority, rest periods, pay
18  rates, attendance, discipline, discharge, and grievance conditions of RSAs. (Opp. Br. at 5:7-
19  9:25.)

20  **ANALYSIS**

21  **A.     Legal Standards Relevant to Removal Jurisdiction.**

22  "[A]ny civil action brought in a State court of which the district courts of the United
23  States have original jurisdiction, may be removed by the defendant . . . to the district court of
24  the United States for the district and division embracing the place where such action is
25  pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983)
26  (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts exercise limited
27  jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
28  Accordingly, the burden of establishing federal jurisdiction for purposes of removal rests on the

2

party seeking removal, and the removal statute must be strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there [remains] any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes and empowers the plaintiff as the master of his or her claim. *Id*. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. A court cannot exercise removal jurisdiction, however, on the ground that the complaint gives rise to a potential or an anticipated defense that might raise a federal question, even if the defense remains the only question truly at issue in the case. *Id*. at 10, 14; *see also Caterpillar*, 482 U.S. at 393.

While a defense of preemption, also known as "ordinary preemption," cannot demonstrate removal jurisdiction, "complete preemption," which refers to the well-pleaded complaint rule, suffices for removal. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). Under the complete preemption doctrine, certain federal statutes exert a force so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Rains*, 80 F.3d at 344. A cause of action arising under Section 301 of the Labor Management Relations Act is controlled by federal substantive law although it may have been brought in state court. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558-562 (1968).

3

**B.     Section 301 Preempts The Retaliation Claim.[1]**

Plaintiffs allege in their Complaint that Defendants, under the California Fair Employment and Housing Act ("FEHA"), wrongfully retaliated and terminated Plaintiffs employment. *See* Cal. Gov't Code § 12940(h) (prohibiting employers from discriminating against or discharging from employment any person that opposes forbidden practices under this section). Plaintiffs argue that Section 301 does not preempt any of its claims, including its wrongful termination claims.

"Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims substantially dependent on analysis of a collective bargaining agreement." *Caterpillar,* 482 U.S. at 394 (quoting *Electrical Workers v. Hechler,* 481 U.S. 851, 859, n.3 (1987)) (internal citations omitted). However, a complaint that merely consults or refers to a collective bargaining agreement does not suffice; preemption only results if resolution of the state-law claim requires the court to interpret the CBA. *Milne v. Employees Ass'n v. Sun Carriers, Inc.,* 960 F.2d 1401, 1409 (9th Cir. 1991). The preemptive force of Section 301 extends beyond suits that allege contract violations and also encompass suits which allege breaches of duties assumed in collective bargaining agreements. *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 211 (1985); *see also Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (holding that Section 301 preemption will apply "even in some instances in which the plaintiffs have not alleged a breach of contract in the complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it.").

The *Burnside* court established a two-part inquiry to determine whether preemption applies to particular claims. First, the court inquires "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law [and] not by a CBA." 491 F.3d at 1059. If not, Section 301 preemption applies. If answered affirmatively, the Court addresses the second part of the inquiry – whether the claim substantially depends on an analysis of a collective bargaining agreement. If the claim does not depends on such an

---

[1] Because the Court finds Plaintiffs' retaliation claims are preempted, it does not address whether Section 301 preempts the remaining claims. The Court will exercise supplemental jurisdiction over those claims.

analysis, the claim is not preempted and the plaintiff may proceed under state law. If, however, the Court answers yes, the claim is preempted. *Id.* at 1059-1060.

Defendants do not seriously dispute that Plaintiff's retaliation claim involves a right conferred upon him by state law. *See* Cal. Gov. Code § 12940(h). Defendants instead argue that, in order to determine whether they wrongfully retaliated and terminated the Plaintiffs, the Court will be required to interpret the terms of the CBA. *See e.g.*, *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (holding that plaintiff's state discrimination and retaliation claim was preempted because it turned on defendants' offer of a legitimate nondiscriminatory reason that required interpretation of the collective bargaining agreement); *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 404, 407 (1988) (examining both the prima facie elements of plaintiff's retaliatory discharge claim and the employer's potential defenses to determine if they required interpretation of the CBA); *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (noting that plaintiffs' state law claims are nonetheless preempted if those claims are grounded in the provisions of the CBA or require interpretation of it).

In contrast, Plaintiffs contend that their claims are not preempted because the Plaintiffs only briefly refer to the CBA by making factual references about having experienced differential treatment in relation to women in their workplace. The CBA contains, in pertinent part, the following provisions regarding discharge and suspension:

> 11.1 The Employer may discharge or suspend an employee for just cause, but no employee shall be discharged or suspended unless a written warning notice shall previously have been given to such employee of a complaint against him concerning his work or conduct except, that no such prior warning notice shall be necessary if the use for discharge or suspension is dishonesty, drinking related to his employment, incompetence, unbecoming conduct, insubordination and the use or possession of drugs and/or alcohol.
>
> 11.2 The complaint specified in such prior warning notice need not concern the same type of misconduct as the cause for discharge or suspension. No such warning notice shall remain in effect for a period of more than nine (9) months. A copy of such warning notice shall be sent to the Local Union involved at the time it is given to the employee. A warning notice must be issued within ten (10) workdays, excluding weekends and holidays, of the alleged cause for the reprimand or within ten (10) workdays, excluding

5

> weekend and holidays, of the Employer's knowledge of the cause for such warning notice.
>
> 11.3   The Employer shall attempt to notify in writing, the affected employee and the Union of a verbal warning, but in no event shall the failure to do so on the part of the Employer violate the terms and conditions of any portion of this Article.

(Hill Decl., Ex. 2 (2011 CBA § 11).)

Plaintiffs allege that Defendants terminated their employment because of job performance problems, when Plaintiffs contend they were really retaliated against or terminated due to their sex, gender, or opposition to Defendants' alleged unlawful employment practices. (Notice of Removal, Ex. A (Compl., ¶ 97).)  According to Plaintiffs, the dispute does not bear on whether Defendants had a right under the CBA to treat male employees differently or whether the Defendants violated the CBA; but rather, the issue rests with whether Defendants treated Plaintiffs differently from female employees in their terms of employment. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 261 (1994) (concluding that "purely factual questions about an employee's conduct or an employer's conduct and motives do not require a court to interpret any term of a collective-bargaining agreement."); *see also Cramer v. Consolidated Freightways Inc.,* 255 F.3d 683, 693 (9th Cir. 2001) (holding that preemption is not mandated where a defendant relies on the presence of a CBA, without demonstrating the need to interpret the CBA.)

The Court agrees with Defendants that the issues presented here raise a dispute about whether Defendants justifiably terminated Plaintiff's employment.  Plaintiffs' claims turn on whether Defendants properly applied and followed the discharge provisions and nondiscriminatory exceptions embodied in section 11 of the CBA.  For example, Defendants terminated Naveed Jalal ("Jalal") for inappropriate behavior pursuant to his violation of section 11 of the CBA.  (Hill Decl., Ex. 17 (Jalal Termination Letter).)  The Court will therefore have to analyze and interpret the meaning of Section 11 of the CBA (*i.e.*, dishonesty, incompetence, or unbecoming conduct) to determine whether Defendants justifiably terminated Jalal's

6

employment.[2] Thus, the Court finds that Plaintiffs' causes of action will substantially depend on the interpretation of the CBA and are accordingly, preempted and appropriately brought before this Court.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to remand. The Court HEREBY ORDERS the parties to appear for the initial case management conference set on September 27, 2013 at 1:30 p.m. The parties shall submit a joint case management statement by no later than September 20, 2013.

**IT IS SO ORDERED.**

Dated:   August 9, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] The Court further notes that many of Plaintiffs' claims, including but not limited to, requests for time off, early outs, and work assignments require substantial interpretation into Section 4 of the CBA. Section 4 of the CBA pertains to seniority procedures, and naturally, will have affected promotions, time off requests, vacation requests, and work shifts. (*See* Hill Decl., Ex. 2 (2011 CBA § 11).) This overlap reinforces that Section 301 preempts Plaintiffs' claims.