UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GAURAV PATHAK, et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>AVIS RENT A CAR SYSTEM, LLC, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 13-01823 JSW (LB)<br><br>**ORDER REGARDING THE PARTIES' JOINT DISCOVERY DISPUTE LETTER DATED FEBRUARY 14, 2014**<br><br>[Re: ECF No. 32] |

**STATEMENT**

In this employment discrimination action, Plaintiffs, who are male and are or were employees of Defendants, allege that Defendants discriminated against them and harassed them because of their gender and that they were retaliated against (and in some cases terminated) after complaining about it. *See generally* Notice of Removal, Ex. A (Complaint), ECF No. 1.[1]  Plaintiffs allege claims for (1) sex discrimination in violation of California Government Code § 12940(a), (2) wrongful termination in violation of public policy, (3) failure to prevent discrimination in violation of California Government Code § 12940(k), (4) retaliation in violation of California Government Code § 12940(h), (5) violation of the Equal Protection Clause (Article 1, Section 7) of the California Constitution, (6) failure to provide rest periods in violation of California Labor Code § 226.7, (7) unfair and unlawful business practices in violation of California's Unfair Competition Law,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 13-01823 JSW (LB)
ORDER

California Business and Professions Code § 17200 et seq., (8) sex or gender harassment in violation of California Government Code § 12940(j), and (9) injunctive relief. *See* Complaint ¶¶ 81-127. Among the damages Plaintiffs seek are "general damages[,] including . . . emotional distress, including but not limited to sleeplessness, recurring nightmares, anxiety, stress, depression, loss of interest in socializing and other normal activities, acute uncertainty about the future, fear, loss of confidence, diminished self-esteem, as well as financial hardship and insecurity, and other damages to be proven at trial." *Id.* ¶ 129.

Discovery is ongoing, and Defendants have deposed Plaintiff El-Salaam and Plaintiff Dajani. At those depositions, Defendants' counsel asked those two Plaintiffs whether they contend that they suffered "severe" emotional distress as a result of Defendants' alleged conduct, whether they were seeking damages for that "severe" emotional distress, and whether they discussed that "severe" emotional distress with their medical providers, and what the contents of those discussions were. *See* El-Salaam Deposition Transcript Excerpts, ECF No. 32-1; Dajani Deposition Transcript Excerpts, ECF No. 32-2. Plaintiffs' counsel objected to Defendants' counsel's questions to the extent that they sought legal conclusions regarding "severe" emotional distress, especially in light of Plaintiffs' "garden variety" emotional distress damages request. Plaintiffs' counsel explicitly disclaimed allegations of "severe" emotional distress. Plaintiffs' counsel also objected to Defendants' counsel's questions to the extent they sought the protected communications between the two Plaintiffs and their medical providers, but otherwise let the two Plaintiffs answer the questions in general terms. Plaintiff El-Salaam and Plaintiff Dajani then confirmed that their emotional distress was "significant" and "severe," respectively, and that they sought medical help for that emotional distress.

Some written discovery has also been served and responded to. On one hand, according to Defendants, five of the eight Plaintiffs asserted that they received medical treatment for emotional distress. 2/14/2014 Letter, ECF No. 32 at 2. On the other hand, according to Plaintiffs, Plaintiffs stated in their responses to interrogatories that they seek damages only for "garden variety" emotional distress. *Id.* at 8. Defendants also state that Plaintiff McRae produced notes from his doctor in support of his medical leaves of absence and that Plaintiff El-Salaam produced a post-

1  termination disability insurance claim form from his doctor that diagnoses him with major
2  depression and panic disorder, but Plaintiffs state that the doctors' notes produced by Plaintiff
3  McRae contain no medical information at all and that the disability form produced by Plaintiff El-
4  Salaam divulges no significant psychological condition that is not already alleged in the complaint.
5  *Id.* at 2, 8.

6  Based on the complaint's allegations regarding damages and this discovery, Defendants now
7  seek to compel the production of Plaintiffs' medical records from the health care providers who
8  treated them for emotional distress. *Id.* at 1. Defendants also seek to compel Plaintiffs to answer
9  questions at their depositions regarding the nature of their alleged injuries, their diagnoses, the
10 course of their treatment, and their prognoses (particularly, their ability to work). *Id.* Finally,
11 Defendants seek to depose Plaintiffs' medical providers. *Id.* Plaintiffs object and argue that the
12 information sought is protected by the psychotherapist privilege and that being forced to provide the
13 information would violate their privacy rights. *Id.*[2]

**ANALYSIS**

**I. LEGAL STANDARD**

**A. The Psychotherapist Privilege under California Law**[3]

Confidential communications between a patient and his or her psychotherapist are privileged under California law. *See* Cal. Evid. Code § 1014. But there is no privilege "as to a communication relevant to an issue concerning the mental or emotional condition of the patient if such issue has been tendered by . . . the patient[.]" Cal. Evid. Code § 1016. "[S]ection 1016 of the Evidence Code compels disclosure of only those matters which the patent himself has chosen to reveal by tendering them in litigation." *In re Lifschutz*, 2 Cal. 3d 415, 426 (1970). This patient-litigant exception "allows only a limited inquiry into the confidences of the psychotherapist-patient relationship,

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument.

[3] As this is a diversity jurisdiction lawsuit, questions regarding the application of privileges are governed by California law. *See* Fed. R. Evid. 501. A party's waiver of privilege may be either express or implied. *See Shooker v. Superior Court*, 111 Cal. App. 4th 923, 928 (2003).

compelling disclosure of only those matters directly relevant to the nature of the specific 'emotional or mental' condition which the patient has voluntarily disclosed and tendered in his pleadings or in answer to discovery inquiries." *Id.* at 431; *see also Vinson v. Super. Ct.*, 43 Cal. 3d 833, 838 (1987) ("[A] party who chooses to allege that he has mental and emotional difficulties can hardly deny his mental state is in controversy.").

Courts also have held, however, that a plaintiff does not put his or her mental or physical condition at issue through a "simple . . . harassment claim asking compensation for having to endure an oppressive work environment or for wages lost following an unjust dismissal . . . . To hold otherwise would mean that every person who brings such a suit implicitly asserts he or she is mentally unstable, obviously an untenable proposition." *Vinson*, 43 Cal. 3d at 840. That is, a plaintiff who brings only a "garden variety" claim for emotional distress waives neither the evidentiary privileges nor her right to privacy under California and federal law. *See Davis v. Super. Ct.*, 7 Cal. App. 4th 1008, 1017 (Cal. Ct. App. 1992) ("garden variety" personal injury action alleging general damages, including mental suffering and emotional distress related to accident, did not put plaintiff's mental state at issue); *see also EEOC v. Serramonte*, 237 F.R.D. 220, 224-25 (N.D. Cal. 2006) (plaintiff did not waive the psychotherapist-patient privilege under California law where the plaintiff brought only a "garden-variety" claim for emotional distress damages and did not intend to rely on records or on testimony by a medical or psychiatric expert to support her claim).

**B. Privacy Rights under California Law**

The California Constitution bestows a broad right of privacy. *See* CAL. CONST. ART. I, § 1; *El Dorado Sav. & Loan Ass'n v. Super. Ct.*, 190 Cal. App. 3d 342, 345 (Cal. Ct. App. 1987). This right extends to discovery proceedings in civil actions. *See San Diego Trolley, Inc. v. Super. Ct.*, 87 Cal. App. 4th 1083 (Cal. Ct. App. 2001). However, the constitutional right to privacy is not absolute and may be abridged to accommodate a compelling public interest. *Moskowitz v. Super. Ct.*, 137 Cal. App. 3d 313, 316 (Cal. Ct. App. 1980). "One such interest, evidenced by California's broad discovery statutes, is 'the historically important state interest in facilitating the ascertainment of truth in connection with legal proceedings.'" *Id.* (quoting *Britt v. Super. Ct.*, 20 Cal. 3d 844, 857 (1978)).

## II. APPLICATION

As always, the court must first determine whether the information sought is relevant. *See* Fed. R. Civ. P. 26(b) (Subject to the limitations imposed by Rule 26(b)(2)(C), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). Here, among their "general damages," Plaintiffs seek damages related to their emotional distress. Defendants seek information about medical treatment related to that emotional distress. This is relevant.[4]

Next, the court must determine whether the information sought is protected by the psychotherapist-patient privilege. The court finds that it is. First, Plaintiffs bring only claims for discrimination and retaliation; they do not bring separate claims for negligent or intentional infliction of emotional distress. Second, Plaintiffs' damages allegation references only emotional distress, not "severe" emotional distress. Third, Plaintiffs and their counsel have expressly stated that they are only seeking "garden variety" emotional distress damages; they are not seeking damages based on "severe" emotional distress. This express disclaimer undercuts Defendants' attempt to use Plaintiff El-Salaam's and Plaintiff Dajani's statements during their depositions (which were made in response to Defendants' leading questions) against them. Those two Plaintiffs are not lawyers, and their counsel objected to Defendants' counsel's questions at the time. Their statements that their emotional distress was "significant" and "severe" do not trump the "garden variety" damages allegations in their complaint and their counsel's clear statement that Plaintiffs do not seek damages for "severe" emotional distress.[5] Fourth, the doctor's notes produced by Plaintiff McRae and the post-termination disability insurance claim form produced by Plaintiff El-Salaam.

Finally, the court also finds that the information is protected by Plaintiffs' privacy rights. Given

---

[4] Plaintiffs also appear to concede the relevance of discovery related to their emotional distress, as long as it does not run afoul of their privacy rights or the psychotherapist privilege. *See* El-Salaam Deposition Transcript Excerpts, ECF No. 32-1 (failing to make a relevance objection to general questions about emotional distress suffered; Dajani Deposition Transcript Excerpts, ECF No. 32-2 (same).

[5] Of course, this also means that should Plaintiffs later rely upon medical records or testimony to support a claim for emotional damages, Defendants have a good argument in favor of excluding them.

C 13-01823 JSW (LB)
ORDER          5

that Plaintiffs seek only "garden variety" emotional distress damages, the court does not believe that there is a compelling interest that outweighs Plaintiffs' rights.

In sum, Plaintiffs seek only "garden variety" emotional distress damages, and the court finds that the information sought by Defendants is protected by both the psychotherapist-patient privilege and the privacy rights. Defendants' request for discovery is **DENIED**.

## CONCLUSION

This disposes of ECF No. 32.

**IT IS SO ORDERED.**

Dated: February 28, 2014

_____
LAUREL BEELER
United States Magistrate Judge